CORTINAS, J.
Centennial Homeowners Association appeals the trial court’s denial of its motion *864 to stay certain provisions of a summary final judgment entered in favor of Dolomite Co. The judgment ejected Centennial from the subject property and required it to remove “any and all structures and appurtenances.” We treat this appeal as a petition for a writ of certiorari, and, finding that the trial court departed from the essential requirements of the law in refusing to grant the stay pending the resolution of Centennial’s Betterment proceedings, we grant the petition.
Centennial is a Florida not-for-profit corporation that administers a residential community in Miami-Dade County. The community’s developer abandoned the community before it was completed and liquidated its assets in bankruptcy, with the exception of the common areas claimed by — but not deeded to — Centennial. Unpaid construction contractors filed suit against the developer and won default judgments. In partial satisfaction of the judgments, the common areas were sold at auction. Four years later, the purchaser brought an ejection action under Chapter 66, Florida Statutes, seeking to have Centennial vacate the property and remove its gates, fences, and structures. Dolomite, as the purchaser’s successor-in-interest, brought a motion for summary judgment, which the trial court granted. The final order of ejectment was stayed pending resolution of Centennial’s appeal, which this Court decided in Dolomite’s favor.
Two months after this Court’s decision, Centennial filed a Betterment action in the trial court, pursuant to section 66.041, et seq., Florida Statutes (2009). Centennial then filed a Motion to Extend Stay Pending Resolution of Betterment Petition, but the trial court denied the motion and executed a writ of possession in Dolomite’s favor; expressly enjoined any further action by Centennial to impede Dolomite’s exclusive possession; and required Centennial to remove the improvements delineated in the Summary Final Judgment within thirty days, despite the provisions of the Betterment Statute.
The Betterment cause of action was created to prevent unjust enrichment by compensating a party that has lost an ejectment case for any value of improvements that were made by the losing party and are received by the successful party along with the land. Section 66.041 provides:
If a judgment of eviction is rendered against defendant ... defendant may file in the court in which the judgment was rendered a petition setting forth that:
(1) Defendant had been in possession and that [defendant] or those under whom defendant validly derived had permanently improved the value of the property in controversy before commencement of the action in which judgment was rendered;
(2) Defendant or those under whom defendant validly derives held the property at the time of such improvement under an apparently good legal or equitable title ...; and
(3) When defendant made the improvements or purchased the property improved, [defendant] believed the title [that defendant] held or purchased to the land thus improved to be a good and valid title. The petition shall demand that the value of the improvements be assessed and compensation awarded to defendant therefore.
It is axiomatic that the permanent improvements must exist and be in place in order for Centennial to exercise its right to utilize the Betterment statute. The clear provisions of the statute make the trier of fact in the Betterment case responsible for *865 assessing the present value of the permanent improvements made by the petitioner and his predecessors-in-interest. § 66.061(2), Fla. Stat. (2009). If the improvements have already been removed before the Betterment proceeding reaches the valuation phase, no such assessment can reasonably be made.
Centennial could potentially suffer irreparable harm if the stay were not granted, for, should the improvements and structures be removed, the trial court’s order could effectively dismiss the Betterment case with prejudice. If the improvements no longer existed, proceedings under the Betterment statute may be rendered moot, and its entire purpose would be frustrated. In contrast, Dolomite would not be harmed were it required to temporarily retain the improvements on the subject property: there is no urgent use to which Dolomite could put the common areas were they purged of Centennial’s walls, gates, fences, guardhouses, sidewalks, storm drains, speed bumps, fountains, security systems, landscaping, lighting and electrical fixtures, and roadway surfacing.
Moreover, the Betterment proceedings could ultimately result in the improvements remaining on the subject property if Dolomite failed to timely pay the valuation of the improvements as assessed by the trier of fact (minus “[t]he value of the use of the land by [Centennial] ... from the time of the judgment to the time of the ... eviction”). § 66.061, Fla. Stat. (2009). Then, Centennial would “again have the privilege of paying to [Dolomite] in cash the value of the land assessed,” thus gaining title to the land, and Dolomite would be required to “give [Centennial] a deed to the land ... and appurtenances, and [because Centennial] has been evicted from ... the property, it [would] be returned to [Centennial] by order of court on motion.” § 66.101, Fla. Stat. (2009). Were that possibility to occur, allowing the improvements to be removed prematurely would have been an egregious waste.
For the foregoing reasons, we find that a stay of the proceedings authorized by the trial court’s Summary Final Judgment was necessary during the pendency of Centennial’s Betterment proceedings to effectuate the intent of the Betterment statute. Therefore, we hold that the trial court departed from the essential requirements of the law by refusing to grant Centennial’s Motion to Extend Stay.
Reversed and remanded.
COPE, J., concurs.