ROTHENBERG, J.
Centennial Homeowners Association, Inc. (“Centennial”) appeals from an order granting Dolomite Co., Inc.’s (“Dolomite”) motion in limine to exclude evidence in Centennial’s betterment action, filed pursuant to section 66.041, et seq., Florida Statutes (2009), and from a final judgment entered in favor of Dolomite following a jury trial. We affirm.
H.G. Enterprises at Centennial, Inc. (“the developer”) began development of a residential community, including improvements to common areas. The improvements to the common areas were made before the developer abandoned the community and while the developer had legal title to the common areas. Thereafter, in 1999, Wottsamatta Company (“Wottsmat-ta” or “Dolomite’s predecessor-in-interest”) purchased the common areas at a sheriffs sale for the benefit of the developer’s creditors. Within a few weeks of the sheriffs sale, Centennial moved to intervene and sought to set aside the sale. Centennial was given an opportunity to submit proof of its ownership of the common areas, but after it failed to do so, in 2000, the trial court entered a final judgment confirming the sale.
In 2003, Wottsmatta commenced an ejectment action against Centennial. After Wottsmatta sold the common areas to Dolomite, Dolomite was substituted as the plaintiff in the ejectment action. In 2008, Dolomite obtained a final judgment of ejectment against Centennial, and in 2010, this Court per curiam affirmed the final judgment of ejectment. Centennial Homeowners Ass’n v. Dolomite Co., 30 So.3d 506 (Fla. 3d DCA 2010).
Centennial filed a timely betterment action against Dolomite, pursuant to section 66.041, et seq., Florida Statutes (2009).[1] Centennial sought compensation for improvements to the common areas that were made by the developer before the developer abandoned the community, and improvements that were subsequently made by Centennial while Centennial was in possession of the common areas. Dolomite filed a motion in limine to exclude evidence as to the permanent improvements made by the developer. The trial court granted the motion in limine, and therefore, at trial, Centennial was limited to introducing evidence as to the permanent improvements it allegedly made while in possession of the common areas. In a special jury verdict form, the jury found *956 that, while Centennial occupied the tract of land, it did not make any “permanent improvements.” [2] Thereafter, pursuant to the jury’s verdict, the trial court entered final judgment in favor of Dolomite.
In this appeal, Centennial contends that the trial court erred by granting Dolomite’s motion in limine to exclude evidence as to the improvements made by the developer. We disagree.
“The Betterment cause of action was created to prevent unjust enrichment by compensating a party that has lost an ejectment case for any value of improvements that were made by the losing party and are received by the successful party along with the land.” Centennial Homeowners Ass’n v. Dolomite Co., 47 So.3d 863, 864 (Fla. 3d DCA 2010) (emphasis added). Specifically, pursuant to section 66.041(3), the party filing the betterment petition must establish that when he or she “made the improvements or purchased the property improved, he or she believed the title which he or she held or purchased to the land thus improved to be a good and valid title.”
Dolomite’s motion in limine pertained solely to the improvements that undisput-edly were made by the developer. Therefore, as the developer’s permanent improvements to the common areas were not made by Centennial and Centennial never held title to or “purchased the property improved,” it is irrelevant whether Centennial actually believed it held good and valid title to the improved land. Under these circumstances, the trial court properly excluded evidence as to the developer’s permanent improvements to the common areas, as Centennial cannot establish the factors set forth in section 66.041. Accordingly, we affirm the order granting the motion in limine and the final judgment entered in favor of Dolomite.
Affirmed.

. Section 66.041 provides:
Betterment, petition. — If a judgment of eviction is rendered against defendant, within 60 days thereafter, or if he or she has appealed, within 20 days after filing the mandate affirming the judgment, defendant may file in the court in which the judgment was rendered a petition setting forth that:
(1) Defendant had been in possession and that he or she or those under whom defendant validly derived had permanently improved the value of the property in controversy before commencement of the action in which judgment was rendered;
(2) Defendant or those under whom defendant validly derives held the property at the time of such improvement under an apparently good legal or equitable title derived from the English, Spanish, or United States Governments or this state; or under a legal or equitable title plain and connected on the records of a public office or public offices; or under purchase at a regular sale made by an executor, administrator, guardian or other person by order of court; and
(3)When defendant made the improvements or purchased the property improved, he or she believed the title which he or she held or purchased to the land thus improved to be a good and valid title. The petition shall demand that the value of the improvements be assessed and compensation awarded to defendant therefor.

. Centennial did not challenge the jury's finding that Centennial did not make any "permanent improvements” while occupying the subject property.